# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54396-6-II |
| Respondent, | |
| v. | |
| KYLE E. PINNEY, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — A jury convicted Kyle Pinney of one count of custodial assault. On appeal, he argues that the trial court commented on the evidence, violated his due process right by requiring him to appear in shackles at sentencing without determining restraints were necessary, and erred when it imposed community custody supervision fees after determining he was indigent. We affirm Pinney's conviction and remand for resentencing.

## FACTS

Pinney is incarcerated on a prior charge unrelated to this case. During his incarceration at Stafford Creek Correctional Facility, Pinney punched a corrections officer in the face during a routine search. The State charged Pinney with one count of custodial assault.

On the morning of trial, Pinney successfully argued before the trial court that he should not be restrained for the trial. Once the jury had been selected, the court informed the jury that the trial would last one day because there were only two witnesses in the case and the trial would start

before ten in the morning. The court instructed the jurors that they were prohibited from speaking about the trial while it was ongoing. The court also said that jurors would be able to speak about the trial when they went home for the day because the trial would be over by then. The jury convicted Pinney of one count of custodial assault.

During sentencing, Pinney appeared shackled before the court. The State alerted the court that it had not conducted an inquiry regarding the necessity of shackles in the courtroom and that the shackles should be removed. The court responded, "He's okay. He may come forward in restraints." Report of Proceedings at 93. The court did not conduct any inquiry or analysis into whether maintaining Pinney in shackles was necessary. The court sentenced Pinney to eight months in prison, which is at the high end of the three-to-eight month standard range, and orally ruled that no legal financial obligations (LFOs) would be imposed. Nevertheless, Pinney's judgment and sentence form included payment of community custody supervision fees. Pinney appeals his conviction and sentence.

ANALYSIS

I.    COMMENT ON THE EVIDENCE

Pinney argues the court commented on the evidence when it told jurors that the trial would last only one day. We disagree.

A.    Legal Principles

An allegation that a judge has commented on the evidence is a constitutional issue. *State v. Levy*, 156 Wn.2d 709, 719-20, 132 P.3d 1076 (2006). We review constitutional issues de novo. *State v. Jackson*, 195 Wn.2d 841, 850, 467 P.3d 97 (2020). Article IV, section 16 of the Washington Constitution prohibits a court from conveying personal attitudes regarding the merits of a case or instructing the jury that facts have been established as a matter of law. *Levy*, 156

Wn.2d at 721. It states, "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." WASH. CONST. art. IV, § 16. "'A statement by the court constitutes a comment on the evidence if the court's attitude toward the merits of the case or the court's evaluation relative to the disputed issue is inferable from the statement.'" *In re Detention of Pouncy*, 144 Wn. App. 609, 621, 184 P.3d 651 (2008) (quoting *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995)).

If a reviewing court determines the trial court commented on the evidence, it must then determine whether the error was prejudicial. *Levy*, 156 Wn.2d at 723. The court presumes judicial comments are prejudicial, and the State bears the burden of showing the judicial comments did not prejudice the defendant. *Id.* A reviewing court may also determine any comment was not prejudicial if the record "affirmatively shows that no prejudice could have resulted." *Id.*

B.      Analysis

Pinney argues that by stating his trial would last only one day, the trial court "suggested to jurors that the charged crime had in fact been committed." Br. of Appellant at 8. He further argues that the comments "strongly suggested the court's view that the State's evidence would produce a quick verdict without the necessity of prolonged deliberations." Br. of Appellant at 9.

The trial court did not comment on the evidence. The court only informed the jury on the length of the case. The court did not once mention the State's evidence, its veracity, or how the jury should rule on a specific charge or element of a charge when it stated the trial would last one day. The court's comments do not benefit either party. The comments could have just as easily referred to Pinney's or the State's case. Therefore, the trial court's attitude toward the merits of the case is not inferable from the court's statements. For that reason, we conclude the trial court did not comment on the evidence. Pinney's argument fails.

II.     SHACKLING DURING SENTENCING

Pinney argues that the trial court abused its discretion when it forced him to appear at sentencing while shackled without conducting an inquiry into whether it was necessary. The State argues that the law does not require such inquiry for a sentencing hearing. We conclude that the trial court violated Pinney's right to due process by having him appear shackled during sentencing.

A.      Legal Principles

We review a trial court's decision on whether a defendant appears shackled for an abuse of discretion. *Jackson*, 195 Wn.2d at 850. A trial court abuses its discretion when its "'decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.'" *Id*. (internal quotation marks omitted) (quoting *State v. Turner*, 143 Wn.2d 715, 724, 23 P.3d 499 (2001))). A trial court abuses its discretion by failing to analyze issues under applicable law. *Jackson*, 195 Wn.2d at 855.

The Sixth and Fourteenth Amendments to the United States Constitution and article I, section 22 of the Washington State Constitution entitle a defendant to appear at trial without shackles or other restraints, absent extraordinary circumstances. *Id*. at 852. Such protections include the right against being shackled when brought into the presence of the court. *Id*.

"[D]ue process does not permit the use of visible restraints if the trial court has not taken account of the circumstances of the particular case." *Deck v. Missouri*, 544 U.S. 622, 632, 125 S. Ct. 2007, 161 L. Ed. 2d 953 (2005). A court has discretion to require restraints in court but must conduct an individualized inquiry into whether shackling a defendant is necessary. *Jackson*, 195

4

Wn.2d at 852-53. "A trial court must engage in an individualized inquiry into the use of restraints prior to *every* court appearance." *Id*. at 854 (emphasis added). The inquiry must be "'founded upon a factual basis set forth in the record.'" *Id*. at 853 (quoting *State v. Hartzog*, 96 Wn.2d 383, 400, 635 P.2d 694 (1981)). A trial court abuses its discretion by failing to conduct such inquiry. *Jackson*, 195 Wn.2d at 855.

If we conclude that the trial court abused its discretion by not conducting an individualized inquiry, we must then determine whether the error was harmless. *Id*. at 855-56. The State bears the burden of proving beyond a reasonable doubt that the constitutional error was harmless. *Id*. at 856.

C.      Analysis

We conclude that the trial court abused its discretion by failing to conduct an individualized inquiry into whether shackling Pinney was necessary. The State's sole argument is that *Jackson* only applies to pretrial hearings. However, *Jackson*, without qualification, expressly held that a trial court must conduct an inquiry "prior to *every court appearance*," not just pretrial hearings. *See id*. at 854 (emphasis added).

The trial court failed to conduct an individualized inquiry into whether shackling was necessary. When the State pointed out that no such inquiry had been conducted, the court ignored the warning and proceeded with the hearing anyway. The trial court's failure to conduct an individualized inquiry for Pinney's sentencing hearing was an abuse of discretion.

Next, we conclude that the error was not harmless. The State fails to prove the constitutional error was harmless beyond a reasonable doubt, indeed it provided no argument on that issue. Therefore, we remand for resentencing.

III. LEGAL FINANCIAL OBLIGATIONS

Pinney argues that the court erred when it imposed community custody supervision fees after determining he was indigent. The State argues that community custody supervision fees are not discretionary. We disagree with Pinney that the trial court cannot impose supervision fees on indigent defendants, but nevertheless encourage the trial court to review the imposed fees.

Before imposing costs and fees, RCW 10.01.160(3) requires a superior court to conduct, on the record, an individualized inquiry into a defendant's ability to pay. *State v. Ramirez*, 191 Wn.2d 732, 745-46, 426 P.3d 714 (2018). RCW 10.01.160(3) states in relevant part, "The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3) (a) through (c)."

The trial court may also impose discretionary community custody supervision fees under RCW 9.94A.703(2)(d). RCW 9.94A.703 states, "When a court sentences a person to a term of community custody, the court shall impose conditions of community custody as provided in this section. . . . (2) **Waivable conditions.** Unless waived by the court, as part of any term of community custody, the court shall order an offender to: . . . (d) Pay supervision fees as determined by the department."

Recently, in *State v. Spaulding*, this court addressed the same issue raised by Pinney here. 15 Wn. App. 2d 526, 537, 476 P.3d 205 (2020). Spaulding, an indigent defendant, challenged the imposition of a community custody supervision fees under RCW 9.94A.703(2)(d). *Id.* This court determined:

[T]he supervision fee is not a "cost" under RCW 10.01.160(3) just because it is a discretionary financial obligation. RCW 10.01.160(2) defines "cost" as an expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision. The supervision fee is not a "cost" under this definition. Therefore, RCW 10.01.160(3) does not prohibit the imposition of supervision costs on an indigent defendant.

However, we acknowledge that the imposition of LFOs on indigent defendants can create a significant hardship. *See State v. Blazina*, 182 W[n].2d 827, 835-37, 344 P.3d 680 (2015). The court in *State v. Clark* emphasized that there are strong policy arguments in favor of considering an indigent defendant's ability to pay discretionary LFOs even when such consideration is not required. 191 W[n]. App. 369, 376, 362 P.3d 309 (2015). And under RCW 9.94A.703(2)(d), the trial court has discretion to waive the supervision fee.

*Spalding*, 15 Wn. App. 2d at 536-37.

Accordingly, this court "encourage[d] the trial court on remand to reevaluate the imposition of the supervision fee." *Id*. at 537.

We conclude that the trial court had discretion to impose the supervision fee, as it is not prohibited by RCW 10.01.160(3). The State cites to RCW 9.94A.704(3)(d) to support its argument that community custody supervision fees are not discretionary. However, RCW 9.94A.703(2)(d) expressly states that community custody fees are waivable, so they are discretionary. The trial court found Pinney was indigent, and orally ruled that it was not imposing LFO's but imposed community custody supervision fees via preprinted language on the judgment and sentence form. Because we are remanding for resentencing, we encourage the trial court consider the impact of such fees on Pinney.

## CONCLUSION

We affirm Pinney's conviction and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, A.C.J.

_____
Cruser, J.